**MEM**
ADAM L. GILL, ESQ.
Nevada State Bar No. 11575
723 South Third Street
Las Vegas, NV 89101
P: (702) 750-1590
F: (702) 548-6884
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FRANCISCO JAVIER MARES,<br><br>　　　　Defendant. | No. 2:20-CR-00018-JCM-EJY<br><br>**SENTENCING MEMORANDUM** |

　　　COMES NOW, Defendant, FRANCISCO JAVIER MARES, by and through his counsel, ADAM L. GILL ESQ., submits this Sentencing Memorandum in connection with his sentencing in this matter presently scheduled for February 2, 2022.

　　　DATED this 25th day of January, 2022.

　　　　　　　　　　　　　　　　　　　　　　　 /s/Adam Gill
　　　　　　　　　　　　　　　　　　　　　　　ADAM L. GILL, ESQ.
　　　　　　　　　　　　　　　　　　　　　　　Nevada State Bar No. 11575
　　　　　　　　　　　　　　　　　　　　　　　723 South Third Street
　　　　　　　　　　　　　　　　　　　　　　　Las Vegas, NV 89101
　　　　　　　　　　　　　　　　　　　　　　　P: (702) 750-1590

**SENTENCING MEMORANDUM**

Francisco Javier Mares ("Mr. Mares"), through counsel, submits this Sentencing Memorandum in support of a sentence of three years of home confinement. Mr. Mares, by way of Indictment, was charged with one count of Conspiracy to Distribute a Controlled Substance-Methamphetamine and two counts of Distribution of a Controlled Substance-Methamphetamine. Subsequently, on June 2, 2021, Mr. Mares readily accepted responsibility for his conduct and pled guilty to one count of Conspiracy to Distribute a Controlled Substance-Methamphetamine and a Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on July 16, 2021. The PSR calculated a total offense level of 31 and recommends a sentence of 108 months and a period of supervised release of five years with special conditions and the waiver of any fines. PSR at ¶¶ 151-156. The PSR further states that Mr. Mares may argue for a downward adjustment. PSR at ¶ 129. Mr. Mares may also be "safety valve" eligible. ¶¶ 130 and 151.

Mr. Mares accepts responsibility for his conduct and admits that he has made the most grievous mistake of his life. Mr. Mares has made positive changes in his life since the incident and humbly begs this Court to sentence him to three years of home confinement so that he can continue to support his family and the community at large. This sentence reflects the nature and circumstances of Mr. Mares' offense and his history and characteristics, and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth at U.S.C. § 3553.

**I.    LEGAL STANDARD**

Courts "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [the statute]." 18 U.S.C. §3553(a). Those purposes are:

> (A)    To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a).

Additional factors under Section 3553 that a court must consider include:

  (1) The nature and circumstances of the offense and the history and characteristics of the defendant;

  (2) The need for the sentence imposed;

  (3) The kinds of sentences available;

  (4) The kinds of sentence and the sentencing ranged established for [the offense];

  (5) Any pertinent policy statement [by the Sentencing Guidelines Commission];

  (6) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) The need to provide restitution to any victims of the offense.

Title 18, United States Code, §3553(a), provides that a district court must "make an individualized assessment based on the facts presented" in determining an appropriate sentence. A sentencing court is thus charged to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Gall v. United States*, 552 U.S. 38, 50 (2007). Therefore, courts should fashion a sentence based, in part, upon a defendant's history and characteristics, as well as the degree of remorse and acceptance of responsibility exhibited by that defendant. *See, e.g., United States v. Edwards*, 595 F.3d 1006, 1016-17 (9th Cir. 2010) (where court affirmed a probation-only sentence for the defendant, whom the trial judge had determined was sincerely remorseful for his conduct); *see also United States v. Husein*, 478 F.3d 318, 333 (8th Cir. 2007) (court varied downward based upon family circumstances from a guideline range of 37 – 46

months for drug trafficking to home confinement and one day in jail based on family circumstances and noting that "[t]he extent of a downward departure or variance. . .should bear an inversely proportional relationship to the 'evilness of the crime, and the criminal, at issue."). Indeed, 18 U.S.C. §3553(a) "does not require the goal of general deterrence be met through a period of incarceration." *United States v. Edwards*, 595 F.3d 1004, 1016-17 (9th Cir. 2010) (even though guideline for fraud calculated a sentence of imprisonment, court sentenced defendant, who was no stranger to the criminal justice system, to a term of probation with a requirement of restitution as "sufficient but not greater than necessary," a sentence of which Ninth Circuit affirmed as reasonable and within district court's discretion).

Additional statutory direction affirms the discretion of sentencing courts in imposing a fair and just sentence under the circumstances with the defendant's history and characteristics fully considered. *See id.* at 1015-19. Indeed, 18 U.S.C. § 3661 puts no limitation on the information concerning the background, character, and conduct of a person convicted of an offense. And 18 U.S.C. § 3582 provides that a sentencing court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, "shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. The Sentencing Guidelines also provide that family circumstances, though generally not relevant, may still as a matter of policy warrant consideration and departure where, *inter alia*, "a defendant's sentence will cause a substantial, direct and specific loss of essential caretaking, or essential financial support, to the defendant's family"; financial loss exceeds the harm ordinarily incident to incarceration of similarly situated defendants; financial support cannot be substituted by other means; and a departure will affectively address the loss of financial support. U.S.S.G. § 5H1.6 Commentary at 1. (B).

Finally, this Court should consider the unlikelihood of recidivism and lack of future danger as grounds for a reduced sentence as provided in the individualized history and characteristics of a defendant. *See Edwards,* 595 F.3d at 10-15-19 (district court found no purpose in incarceration and,

after consideration of a 27 – 33 month guideline range and varied to probation, which the Ninth Circuit upheld as reasonable and within the court's discretion); *United States v. Martin*, 520 F.3d 87, 93-94 (1st Cir. 2008) (court, applying 18 U.S.C. § 3553(a)(2)(C), varied from career offender guideline range, from a range of 235-293 months to 144 months, due to defendant's significant efforts while incarcerated, which First Circuit found as reasonable over the government's objection); *United States v. Ngatia*, 477 F.3d 496, 502 (7th Cir. 2007) (court varied from 188-235 month range to 88 months because defendant demonstrated a commitment to reform with her words and action in post-arrest rehabilitative efforts.).

## II.    MR. MARES' HISTORY AND CHARACTERISTICS

Mr. Mares submits for this Court's review a mitigation film, attached as Exhibit A. A constant theme in Mr. Mares' life is his love for his family, including his son, sisters, mother, and ex-wife. Mr. Mares was born in El Paso, Texas and is the youngest of seven children. PSR at ¶ 75. Mr. Mares' only biological brother, Alberto, died as a result of a car accident approximately 25 years ago. *Id.* Leaving Mr. Mares as the only living male sibling in his family. *Id.* Mr. Mares is close with all of five of his sisters, except Vanessa. *Id.* He is closest with Ana ("Rebecca" or "Becky"), who resides with him and is the wife of the co-defendant. *Id.*

Mr. Mares' mother left his father when Mr. Mares was eight years old. PSR at ¶ 77. Mr. Mares' mother left for Las Vegas, Nevada, leaving Mr. Mares in the care of his father for approximately three weeks. *Id.* Mr. Mares was not reunited with his mother and sister until Mr. Mares' oldest sister, Ruth, checked Mr. Mares out of school and immediately put him on a bus to Las Vegas. *Id.* From that point forward Mr. Mares' father was no longer a part of Mr. Mares' life. *Id.* The remainder of Mr. Mares' childhood was difficult, as his mother was constantly working and did not make sufficient money to support the family. PSR at ¶ 79. Mr. Mares describes, "We either had money to pay the lights but not the rent or had money to pay the rent but not the food." *Id.* This experience caused Mr. Mares, his mother, Ana, and Alberto, to become very close.

Mr. Mares married Vanessa Avila in 2016. PSR at ¶ 81. Mr. Mares and Ms. Avila were divorced in 2019, but share a child in common, Xavier Oryan Mares. PSR at ¶¶ 82-83. Xavier is

now twelve years old and resides with Mr. Mares. PSR at ¶ 83. Ms. Avila does not provide any financial assistance for Xavier, in fact, Mr. Mares oftentimes assists Ms. Avila with her finances. *Id.* Mr. Mares fears that if he is incarcerated and Xavier is to return to Ms. Avila, she will not be able to adequately provide for Xavier. *Id.* As demonstrated in the video, Mr. Mares has an incredibly close relationship with Xavier. Exhibit A. He enjoys hunting, camping, fishing, and many other activities with Xavier. PSR at ¶ 93.

Mr. Mares is currently employed as a driver for A Track Out Solution in Las Vegas, Nevada. PSR at ¶ 115. He began working at A Track Out Solution in 2017 and joined Local 872 Laborer's Union in 2018. PSR at ¶¶ 114-15. The owner of A Track Out Solution, Jill Tucker, describes Mr. Mares as someone who "comes early, stays late, picks up extra shifts and goes above and beyond…". Exhibit B. Ms. Tucker further describes Mr. Mares as "a valued member of our team, and we would very much like him to remain with us in that capacity." *Id.* Mr. Mares has recently worked six days a week, sometimes seven if a project calls for it. Exhibit A. Mr. Mares has excelled at his trade and, if given home confinement, would continue to pour his heart and soul into his work in order to provide a life for his son, Xavier.

### III.  **ARGUMENT**

Mr. Mares has no criminal history points. PSR at ¶ 61. The charges in this case stemmed from threats made to Ana, Mr. Mares' sister. Exhibit A. Ana relayed to Mr. Mares that if her husband, co-defendant Renato Consuegra-Clemente, did not start selling methamphetamine she would be harmed. *Id.* Renato then asked Mr. Mares to deliver a bag in return for cash. *Id.* Mr. Mares was willing to do so in order to protect his sister and her family. *Id.* Ana (Becky) regrets her decision to get Mr. Mares involved in the drug transactions and wishes she never told Mr. Mares anything about the threats made to her. *Id.* She feels she has caused Mr. Mares to potentially lose everything. *Id.*

If given the opportunity at home confinement, Mr. Mares wishes to continue working at A Track Out Solution and spending time with his son, Xavier. Mr. Mares understands the nature and gravity of his actions and only wishes to have the opportunity to prove to his family and his son that

he is not the type of person who sells drugs. He also wishes to prove to this Court that he can remain a trouble-free productive member of the Las Vegas community. Mr. Mares' history, characteristics, remorse, and hope for his future should convince the Court that a sentence of three years of home confinement is warranted.

## V.   CONCLUSION

Based on the foregoing, Mr. Mares respectfully requests that this Court impose a sentence of three years of home confinement.

DATED this 25th day of January, 2022.

　　　　　　　　　　　　　　　　　　　　　 */s/Adam Gill*
　　　　　　　　　　　　　　　　　　　　　 ADAM L. GILL, ESQ.

## PROOF OF SERVICE

A copy of the foregoing was served upon the parties via Electronic Filing on January 25, 2022.

　　　　　　　　　　　　　　　　　By: */s/ Jasmine Torres*
　　　　　　　　　　　　　　　　　　　　An employee working for Aisen, Gill & Associates