CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
ALLISON REESE
Nevada Bar Number 13977
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: allison.reese@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-cr-00018-JCM-EJY |
| Plaintiff, | |
| vs. | **Government's Motion for a Status Conference** |
| FRANCISCO JAVIER MARES, | |
| Defendant. | |

<u>Certification:</u> This motion is timely filed.

The United States of America, by and through CHRISTOPHER CHIOU, Acting United States Attorney, and ALLISON REESE, Assistant United States Attorney, files this motion requesting that the Court set this matter for a status conference.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. Points and Authorities

On January 25, 2022, the Defendant Francisco Mares, through his counsel submitted a sentencing memorandum. Exhibit A to the sentencing memorandum is an almost 16-minute-long video that Mares describes as a "mitigation film." *See* ECF No. 63, pg. 5. In the video, Mares and others state that Mares only committed the instant offense because of an alleged threat made by the Confidential Source (CS) to Mares' sister. Specifically, Mares' sister Becky states that she told Mares that the CS had allegedly threatened her husband, Renato Consuegra-Clemente (the co-Defendant in this case), to sell drugs and if he did not do so, the CS would harm Becky and Consuegra's children. Mares then states in the video that he only agreed to commit the instant offenses because of the alleged threats made by the CS against Mares' sister and children and that he would do anything to help his family.

According to Federal Rule of Criminal Procedure 11(b)(3), before the Court can enter a final judgment on a guilty plea, "the court must determine that there is a factual basis for the plea." Although Mares admitted a factual basis for the plea in his plea agreement and at the change of plea hearing and made no statement at that time that he was under threat by the CS to commit the charged conduct, he now appears to be repudiating those admissions in his video submission to the Court, claiming that he in fact was acting against his will and would not have otherwise done so but for the alleged threatened harm. In doing so, Mares is not simply providing untruthful statements, but in direct contradiction to his prior statement which denies intent and responsibility for his actions, which should result in the denial of the three-level reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines Sections 3E1.1(a) and (b) and the terms of the plea agreement. More concerning, however, his current statements made in the video suggest that he is now alleging facts which would negate his *mens rea* contrary to his admissions made at the entry of plea, which supported a factual

basis for the plea. The government requests that the Court hold a status conference and place Mares under oath to determine if he is now asserting that he did not act according to his own will, but under a threat of harm to his family. And if so, the government respectfully requests that the Court should vacate the plea and set the case for trial.

DATED: February 25, 2022

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/ Allison Reese

ALLISON REESE
Assistant United States Attorney