NICOLE G. SAPERSTEIN
Nevada Bar No. 15812
The Law Office of Nicole G. Saperstein
375 Harbour Cove Dr #103
Sparks, NV 89434
(775) 247-0930/Tel.
sapersteinn@gmail.com

Attorney for FRANCISCO JAVIER MARES

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER MARES,<br><br>Defendant. | Case No. 2:20-CR-00018-JCM-EJY<br><br>**MOTION TO EXTEND SELF-SURRENDER DATE AND/OR FOR BAIL PENDING APPEAL AND/OR STAY EXECUTION OF THE SENTENCE PENDING APPEAL** |

Defendant Francisco Mares requests this Court order extend his self-surrender date **currently set for June 24, 2022** and/or grant bail pending appeal as to the incarceration portion of his sentence. This motion is brought pursuant to 18 U.S.C. § 3143(b), Federal Rule of Criminal Procedure 46, Federal Rule of Appellate Procedure 9(b), Ninth Circuit Rule 9-1.2, All Writs Act, 28 U.S.C. § 1651(a), relevant case law, and all previous pleadings filed in this matter.

**A.  EXTEND SELF-SURRENDER/RELEASE PENDING APPEAL**

Release pending appeal is governed by 18 U.S.C. § 3143(b), which allows for the

release of an individual pending appeal if certain conditions are met:

> (1) the defendant is not likely to flee,
> (2) the defendant is not likely to . . . pose a danger to the safety of any person or the community if released,
> (3) the appeal is not taken for the purposes of delay, and
> (4) the appeal raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial.

18 U.S.C. § 3143(b)(A) & (B) (2018); accord Fed. R. Crim. P. 46(c) (explaining that eligibility for release pending appeal is governed by 18 U.S.C. § 3143); *see also* Fed. R. App. P. 9(c) (expressly incorporating the provisions of § 3143).

      The first three factors are easily established. Mr. Mares has been under release without incident since the inception of this case. He has made every required court proceeding. The crime of conviction is a non-violent drug offense. He had no prior felony convictions prior to this case, and his criminal history consisted predominately of old driving-related misdemeanors and one gross misdemeanor. He was arrested for misdemeanor domestic violence during the pendency of this case. Mr. Mares has maintained employment as a driver for the last five years for 8 Track Out Solution and CDJT Trucking. He is a member of two unions, the Local 872 labor union and the Local 12 operator/engineer union. He cares for his 13-year-old son Xavier and provides his financial support. Mr. Mares also is caring for his mother Maria Mares who has been in the ICU awaiting surgery at Sunrise Medical Center. Mr. Mares takes his mother three times per week for her dialysis treatments and she depends on his support as well. Mr. Mares is not likely to flee, as he has stable employment, stable residence, and a very sick mother and dependent son all relying on his support.

      The third factor is subsumed by the fourth. If an appeal raises a substantial question of law or fact, it necessarily follows that it is not being taken for the purposes of delay. *See* 3A Charles Alan Wright et al., Federal Practice and Procedure 767 (1982) ("It is difficult to

conceive of a nonfrivolous appeal that could be . . . characterized as taken for purposes of delay").

The fourth factor is whether the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. The standard applied by the Ninth Circuit is whether the issues on appeal are "fairly debatable." *See United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)

"In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)); *see also Buck v. Davis*, 137 S.Ct. 759, 733 (2017) (explaining that, in the habeas context, "a substantial showing" requires that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further").

In this case, Mr. Mares has potential issues on appeal relating to ineffective assistance of counsel and/or breach of the plea agreement by the prosecutor. In his 28 U.S.C. § 2255, Mr. Mares will lay out that he was informed by his trial counsel Adam Leigh Gill that he would receive probation if he pled guilty and relied on that representation in deciding to plead rather than pursuing a duress defense. Mr. Mares also never received his presentence report or had the opportunity to review it with his counsel, and there were numerous sections that Mr. Mares would have objected to given the opportunity. In addition to the 28 U.S.C. § 2255 ineffective assistance of counsel issues presented, the prosecutor in this case breached the plea agreement by submitting a motion to the court attempting to have the plea agreement withdrawn and retracting the recommendation for a three-point adjustment for acceptance of responsibility. *See* Dckt. 70. The government claims it was surprised by the mention of duress in Mr. Mares's sentencing memorandum, however the issue of duress was mentioned post-arrest, during the safety-valve meeting, and in the presentence report, so the notion that it was somehow a surprise

that warranted withdrawal of the recommendation for a three-point adjustment for acceptance of responsibility was disingenuous. It is extremely common that a defendant requests a departure for imperfect duress under U.S.S.G. § 5K2.11 during sentencing that does not negate acceptance of responsibility. Mr. Mares should be permitted to pursue his potential direct appeal regarding breach and his 28 U.S.C. § 2255 regarding ineffective assistance of counsel while on bail in this case.

### B. IN THE ALTERNATIVE, A STAY OF EXECUTION OF THE SENTENCE IS WARRANTED

In determining whether to stay the enforcement of a judgment pending appeal, courts consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (citation omitted). The first two factors "are the most critical." *Id*. at 434 (citation omitted). *See also United States v. Fritzel*, No. 5:18-CR-40058-HLT, 2020 WL 5289861, at *1 (D. Kan. July 22, 2020) ("The Court stays execution of the sentence pending designation of District of Kansas Court Case No. 5:18CR40059-001").

Mr. Mares can make a strong showing that, not only does he present substantial questions on appeal, but he is likely to succeed on the merits. He will also be irreparably injured as the time it would take for an appeal to be litigated and decided would be extremely lengthy. No other interested parties will be injured, and no public interest is furthered when an individual serves time for a conviction that may be overturned on appeal.

### C. CONCLUSION

As recognized in *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985), a party seeking to acquire bail pending appeal is not tasked with convincing the trial court its rulings

4

were incorrect. Rather, the movant must establish that the existence of potential claims for appeal that are "fairly debatable," and hence not frivolous. *See Handy*, 761 F.2d at 1283.

Mr. Mares stresses issues that are fairly debatable. There are others that he will bring on appeal. He respectfully submits that the record supports the assertion that he will raise substantial, non-frivolous, issues on appeal.

These are consequential questions the Ninth Circuit should decide before Mr. Mares serves his sentence, which is why he now moves for release pending appeal or, in the alternative, a stay of the execution of his sentence pending appeal. He also presents no flight risk or danger and is therefore entitled to the continuation of his current conditions of release

DATED this 2nd day of June, 2022.

By:     */s/ Nicole G. Saperstein*
    NICOLE G. SAPERSTEIN
    CJA Counsel for Francisco Javier Mares

# CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is CJA counsel for the District of Nevada and is a person of such age and discretion as to be competent to serve papers. That on June 2, 2022, she served an electronic copy of the above and foregoing MOTION TO EXTEND SELF-SURRENDER DATE AND/OR FOR BAIL PENDING APPEAL OR IN THE ALTERNATIVE TO STAY EXECUTION OF THE SENTENCE PENDING APPEAL by electronic service (ECF) to the person named below:

**ALLISON REECE**
**Assistant United States Attorney**
501 Las Vegas Blvd, South
Las Vegas, NV 89101
702-388-6336
Fax: 702-388-5087
Email: Allison.Reese@usdoj.gov