1

───────TRANSCRIBED FROM DIGITAL RECORDING───────

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:20-cr-00018-JCM-EJY |
| Plaintiff, ) | |
| ) | Las Vegas, Nevada |
| vs. ) | Wednesday, February 19, 2020 |
| ) | Courtroom 3B |
| FRANCISCO JAVIER MARES, ) | |
| ) | Initial Appearance, Arraignment |
| Defendant. ) | & Plea |
| ) | |
| ) | **C E R T I F I E D   C O P Y** |
| ) | |

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE BRENDA WEKSLER,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:                  See next page

DIGITALLY RECORDED:           Liberty Court Recorder (LCR)
                              3:30 p.m. - 3:39 p.m.

RECORDED BY:                  J. Miller

TRANSCRIBED BY:               Samantha N. McNett
                              Samantha_McNett@nvd.uscourts.gov

Proceedings recorded by electronic sound recording; transcript produced by machine shorthand and computer-aided transcription.

───TRANSCRIBED FROM DIGITAL RECORDING───

1  APPEARANCES:

2  For the Plaintiff:

3      **DANIEL CLARKSON, ESQ.**
    UNITED STATES ATTORNEY'S OFFICE
4      501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101
5      702-388-6336

6
  For the Defendant:
7
    **ADAM GILL, ESQ.**
8      AISEN GILL & ASSOCIATES
    723 South Third Street
9      Las Vegas, Nevada 89101
    702-750-1590
10

11 Also Present:

12     Jessie Moorehead, Pretrial Services

13
                             * * *
14

15

16

17

18

19

20

21

22

23

24

25

---TRANSCRIBED FROM DIGITAL RECORDING---

1      LAS VEGAS, NEVADA; WEDNESDAY, FEBRUARY 19, 2020; 3:30 P.M.
2                                   --oOo--
3                              P R O C E E D I N G S
4          THE COURTROOM ADMINISTRATOR:  Your Honor, we are now
5  calling United States of America versus Francisco Javier Mares.
6  The case number is 2:20-cr-0018-JCM-EJY.
7          Beginning with Government counsel, counsel, please
8  state your names for the record.
9          MR. CLARKSON:  Good afternoon, your Honor.  Daniel
10 Clarkson for the United States.
11         THE COURT:  Good afternoon.
12         MR. GILL:  Good afternoon, your Honor.  Adam Gill on
13 behalf of Mr. Mares.  He is present in custody.
14         THE COURT:  Good afternoon.  And good afternoon to
15 you, Mr. Mares.
16         Is that your true name, sir, Francisco Javier Mares?
17         THE DEFENDANT:  Yes, ma'am.
18         THE COURT:  How old are you, sir?
19         THE DEFENDANT:  I am 39.
20         THE COURT:  How far have you gone in school?
21         THE DEFENDANT:  I just completed a high school
22 equivalency.
23         THE COURT:  Okay.  An indictment has been filed
24 charging you with three counts.  Count 1 charges you with
25 conspiracy to distribute a controlled substance in violation of

─TRANSCRIBED FROM DIGITAL RECORDING─

1   Title 21 United States Code Section 846 and 841(a)(1) as well
2   as 841(b)(1)(A)(viii).  And Counts 2 and 3 also charge you with
3   distribution of a controlled substance in violation of Title 21
4   United States Code Section 841(a)(1) and (b)(1)(B)(viii) as
5   well as 18 United States -- Title 18 United States Code
6   Section 2.
7           Did you receive a copy of the indictment?
8           THE DEFENDANT:  Yes.
9           THE COURT:  And do you understand the nature of the
10  charges against you?
11          THE DEFENDANT:  Yes.
12          THE COURT:  You're not required to make any statements
13  about the charges either here in court or to any law
14  enforcement officer.  Anything you do say can be used against
15  you.
16          You have the right to the assistance of counsel at all
17  stages of these proceedings, and if you cannot afford counsel,
18  the Court will appoint one for you at the public's expense.
19          Do you understand these rights?
20          THE DEFENDANT:  Yes.
21          THE COURT:  And can you afford to hire an attorney at
22  this time?
23          THE DEFENDANT:  No.
24          THE COURT:  Did you fill out this financial affidavit
25  before court, sir?

—————————TRANSCRIBED FROM DIGITAL RECORDING—————————

1    THE DEFENDANT:  Yes.
2    THE COURT:  And did you understand when filling out
3 the affidavit that it was being done under penalty of perjury?
4    THE DEFENDANT:  Yes.
5    THE COURT:  And is the information in this form true
6 and correct to the best of your knowledge?
7    THE DEFENDANT:  Yes.
8    THE COURT:  I have reviewed the financial affidavit.
9 I find that you do qualify for the appointment of counsel and
10 will appoint -- is it Mr. Gill?
11    MR. GILL:  Yes.
12    THE COURT:  To represent you.
13    And you're from CJA counsel?
14    MR. GILL:  Yes, your Honor.
15    THE COURT:  Very well.
16    All right.  Mr. Mares, did you have a chance to speak
17 with Mr. Gill briefly prior to the hearing today?
18    THE DEFENDANT:  I did.
19    THE COURT:  And do you understand the purpose of this
20 hearing?
21    THE DEFENDANT:  Yes.
22    THE COURT:  Mr. Gill, do you have any reason to
23 question the competence of your client to understand the
24 charges against him and to assist in his defense?
25    MR. GILL:  No, your Honor.

——TRANSCRIBED FROM DIGITAL RECORDING——

1           THE COURT:  And do you waive the reading of the
2  indictment?
3           MR. GILL:  We do.
4           THE COURT:  Mr. Mares, how do you plead to the counts
5  of the indictment, guilty or not guilty?
6           THE DEFENDANT:  Not guilty.
7           THE COURT:  Mr. Miller, if we could please have trial
8  and calendar call dates.
9           THE COURTROOM ADMINISTRATOR:  Yes, your Honor.  The
10  trial date in this matter will be scheduled for Monday,
11  April 20, 2020 at 9:00 a.m. in courtroom 6A.
12           Calendar call will be scheduled for Wednesday, April
13  the 15th, 2020 at 1:30 p.m. also in courtroom 6A.
14           And your Honor, this defendant is joined for trial
15  with the codefendant pursuant to the provisions of the Speedy
16  Trial Act.
17           THE COURT:  Very well.
18           Mr. Clarkson, what's the Government's position on
19  discovery in this case?
20           MR. CLARKSON:  Your Honor, this is a noncomplex case.
21  We would seek to proceed with a Government disclosure
22  statement.  There are recordings in Spanish which will be
23  translated into English and produced over the course of
24  discovery.  So we would ask the Court to enter its standard
25  pretrial order.

─────────────── TRANSCRIBED FROM DIGITAL RECORDING ───────────────

1  THE COURT: All right. Well, Mr. Gill, any reason to
2  dispute that?
3  MR. GILL: No, your Honor.
4  THE COURT: The standard order regarding pretrial
5  procedure will be entered and this case will be governed by
6  Local Rule of Criminal Procedure 16-1(b).
7  As to pretrial release, what is the Government's
8  position?
9  MR. CLARKSON: Your Honor, after reviewing the
10  pretrial services report, the Government would agree to
11  pretrial release. There are numerous conditions that were
12  proposed by pretrial services. We would agree and ask that all
13  those conditions be imposed.
14  We have one additional point of concern, which I
15  believe defense counsel is going to address, but there are two
16  residences that are referenced in the pretrial services's
17  report, defendant's mother and I believe the house that
18  defendant co-owns with his ex-wife. We would just want to make
19  clear that defendant should have one single residence where he
20  should reside for any term of pretrial release and we have some
21  confirmation that he stays there.
22  And if that house is sold, which I understand it's on
23  the market, then -- that the defendant quickly confirm with
24  probation -- or with pretrial services where he is going to
25  live --

―――――――――― TRANSCRIBED FROM DIGITAL RECORDING ――――――――――

1        THE COURT: Okay.
2        MR. CLARKSON: -- and that he has a suitable
3   residence.
4        THE COURT: All right. Mr. Gill, I'll hear from you.
5        MR. GILL: Yes, Judge.
6        And it's -- it almost looks like three in the pretrial
7   report. It's got 4545 East New York. That should be 45 --
8   4515. It's listed as such further down the page on page 1.
9   That is the address that he owns, pays the mortgage on, and
10  plans on residing. It mentions in the report a recent divorce
11  or separation from his wife. Pretrial services, I believe, was
12  able to contact her, confirm that, and he -- Mr. Mares as well
13  confirmed that he can stay there. It's obviously his
14  residence.
15       He's also been instructed that if he does sell the
16  home and does need to move, he will be staying with his mother,
17  which is the 1712 Eastwood Drive address. But he knows that he
18  will need to notify pretrial services if that occurs.
19       THE COURT: Very well.
20       MR. GILL: And we also concur, Judge -- I don't mean
21  to interrupt -- with the conditions that are laid out and
22  obviously don't oppose release at this time.
23       THE COURT: All right. Very well.
24       So based on the information received by counsel, based
25  on the information received by pretrial services, I find that

1  you do not pose a flight risk or a danger to the community.
2  Specifically, you have strong ties, you've been in this
3  community since 2015, you have purchased a home with your
4  ex-wife, which is currently on the market, you have a child in
5  this community, a mother, five siblings, all with whom you are
6  in contact with at least on a weekly basis.  All of this
7  information was verified through your ex-wife.
8         You have a place -- a residence to return to once
9  released.  You -- your last international travel was to Mexico
10 15 years ago.  Your ex-wife is willing to post bail and act as
11 a third party custodian.  There does not appear to any drug use
12 and there's barely any alcohol use.
13        As a result of that, I do find that release would be
14 proper in this case and you will be subject to pretrial
15 services with the following conditions.
16        Mr. Moorehead, if you could address those in the
17 record?
18        MR. MOOREHEAD:  Your Honor, pretrial services would
19 recommend that the defendant report to pretrial services for
20 pretrial services supervision, the defendant abide by the
21 following travel restriction:  His travel is restricted to the
22 State of Nevada unless pre-approved by pretrial services.
23        Additionally, we would ask that the defendant maintain
24 his residence and may not move prior to obtaining permission
25 from the Court or pretrial services.

─TRANSCRIBED FROM DIGITAL RECORDING─

1   The defendant shall avoid all contact, directly or
2 indirectly, with any codefendants unless in the presence of
3 counsel.
4   The defendant shall refrain from the use or unlawful
5 possession of any narcotic drug or other controlled substances
6 as defined by 21 USC 802 unless prescribed by a licensed
7 medical practitioner.
8   The defendant shall not be in the presence of anyone
9 using or possessing any illegal controlled substances.
10   The defendant shall refrain from possessing or using
11 any dangerous weapons or destructive devices.
12   Additionally, we would ask that the defendant abide by
13 any condition of release of any current term of parole,
14 probation, or supervised release.
15   Also, your Honor, I would like to ask that a condition
16 for any firearms or dangerous weapons be removed from the
17 defendant's residence and verification is provided to pretrial
18 services within 24 hours of release.
19   THE COURT:  Any objections to that by either party?
20   MR. CLARKSON:  No, your Honor.
21   MR. GILL:  No, your Honor.
22   THE COURT:  That will be the Court's order.
23   And I just want to make sure that you understand also,
24 Mr. Mares, that you are to go back to the address that you have
25 purchased with your ex-wife, 4515 East New York Avenue.

——TRANSCRIBED FROM DIGITAL RECORDING——

1    THE DEFENDANT: Yes.
2    THE COURT: And once the house is sold, if you need to
3 go and move back with your mother, then you need to make sure
4 that pretrial services understand when and where it is that
5 you're going. Understood?
6    THE DEFENDANT: I do.
7    THE COURT: All right. Is there anything further in
8 this case from the Government?
9    MR. CLARKSON: Just one last thing, your Honor. I
10 believe this indictment is still under seal, so we would move
11 to unseal it at this time.
12    THE COURT: That will be the Court's order.
13    MR. GILL: Thank you, your Honor.
14    THE COURT: Thank you.
15    (The proceedings concluded at 3:39 p.m.)
16                * * *

TRANSCRIBED FROM DIGITAL RECORDING

--o0o--

COURT REPORTER'S CERTIFICATE

I, SAMANTHA N. MCNETT, Official Court Reporter, United States District Court, District of Nevada, Las Vegas, Nevada certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Date:  June 4, 2022

/s/ Samantha N. McNett
Samantha McNett, RPR, CRR, CCR