```
                    ── 2:20-cr-00018-JCM-EJY ──
```

1                    UNITED STATES DISTRICT COURT

2                         DISTRICT OF NEVADA

3

4    UNITED STATES OF AMERICA,        )
                                      )  Case No. 2:20-cr-00018-JCM-EJY
5                 Plaintiff,          )
                                      )  Las Vegas, Nevada
6          vs.                        )  Wednesday, June 2, 2021
                                      )  10:03 a.m. - 10:26 a.m.
7    FRANCISCO JAVIER MARES,          )  Courtroom 6A
                                      )
8              Defendant.             )  Change of Plea
                                      )
9                                     )
                                      )  C E R T I F I E D   C O P Y
10   _____      )

11

12

13                   REPORTER'S TRANSCRIPT OF PROCEEDINGS

14            BEFORE THE HONORABLE JAMES C. MAHAN,
                   UNITED STATES DISTRICT JUDGE

15

16

17
        APPEARANCES:        See next page
18

19

20
        COURT REPORTER:     Samantha N. McNett, RPR, CRR, CCR
21                          United States District Court
                            333 Las Vegas Boulevard South, Room 1334
22                          Las Vegas, Nevada  89101
                            Samantha_McNett@nvd.uscourts.gov
23

24

25   Proceedings reported by machine shorthand, transcript produced
     by computer-aided transcription.

2:20-cr-00018-JCM-EJY

1                            **APPEARANCES**

2

For the Plaintiff:

3

      **DANIEL COWHIG, ESQ.**

4       UNITED STATES ATTORNEY'S OFFICE
        501 Las Vegas Boulevard South, Suite 1100

5       Las Vegas, Nevada 89101
        702-388-6336

6

7       For the Defendant:

8             **ADAM GILL, ESQ.**
        AISEN GILL & ASSOCIATES

9       723 South Third Street
        Las Vegas, Nevada 89101

10      702-750-1590

11

12                                    *  *  *

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                  ──── 2:20-cr-00018-JCM-EJY ────
```

1          LAS VEGAS, NEVADA; WEDNESDAY, JUNE 2, 2021; 10:03 A.M.

2                              --oOo--

3                      P R O C E E D I N G S

4          THE COURTROOM ADMINISTRATOR:  This is the time set for

5     change of plea in case number 2:20-cr-00018-JCM-EJY, United

6     States of America versus Francisco Javier Mares.

7          Counsel, please note your appearances for the record.

8          THE COURT:  Mr. Cowhig?

9          MR. COWHIG:  Good morning, your Honor.  Dan Cowhig for

10    the United States.

11         THE COURT:  I haven't seen you in a while.

12         MR. COWHIG:  Likewise, your Honor.  It's good to be

13    back in the courtroom.

14         THE COURT:  Thank you.

15         MR. COWHIG:  I'm just standing in for Allison Reese,

16    your Honor, for this hearing.

17         THE COURT:  Yes.  Okay.  Sure.

18         MR. COWHIG:  And I believe the indictment may not yet

19    be unsealed as to Mr. Mares.  I'm going to ask that it be

20    unsealed.

21         THE COURT:  That's fine.  Thank you.  That will be the

22    order then.

23         All right.  Mr. Gill?

24         MR. GILL:  Good morning, your Honor.  Adam Gill on

25    behalf of Mr. Mares.  He is present with me.

—— 2:20-cr-00018-JCM-EJY ——

```
1              THE COURT:  Thank you.

2              And both of you are doing the right thing.  If you're

3    going to speak, drop the -- drop the mask or -- and just leave

4    it off if you want to for the remainder of the hearing.  If

5    you're going to say something -- I want to get a clean record

6    so -- and for the defendant, too.  So that's fine.

7              MR. GILL:  Thank you, your Honor.

8              THE COURT:  All right.  Is the Government ready,

9    Mr. Cowhig?

10             MR. COWHIG:  Yes, your Honor.

11             THE COURT:  Mr. Gill, are you and the defendant ready?

12             MR. GILL:  Yes, your Honor.

13             THE COURT:  Okay.  Would you be more comfortable

14   handling it from the table or from the --

15             MR. GILL:  If it's okay with the Court, from the

16   table.

17             THE COURT:  From the table.  Pull the microphone right

18   in -- the microphones are Army surplus, I think.

19             MR. GILL:  Judge, would you like me to put the plea on

20   the record?

21             THE COURT:  I will in just a minute, yes.  First, I'm

22   going to have the clerk swear the defendant.

23             (Defendant sworn.)

24             THE COURT:  Do you pronounce your last name Mares?

25             THE DEFENDANT:  Mares.
```

2:20-cr-00018-JCM-EJY

1          THE COURT:  Mares?

2          THE DEFENDANT:  Yes.

3          THE COURT:  All right.  Mr. Mares, do you understand

4   that having been sworn, your answers to my questions are

5   subject to the penalties of perjury if you do not answer

6   truthfully?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Mr. Gill, has the defendant been furnished

9   with a copy of the charge against him?

10         MR. GILL:  Yes, your Honor.

11         THE COURT:  Does he waive the reading of the

12  indictment?

13         MR. GILL:  We do your Honor.

14         THE COURT:  Mr. Mares, do you understand the charge

15  against you?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you read, write, and understand the

18  English language?

19         THE DEFENDANT:  What was that?

20         THE COURT:  Do you read, write, and understand the

21  English language?

22         THE DEFENDANT:  Yes.

23         THE COURT:  I thought maybe you were making a joke.

24         All right.  Mr. Gill, how does Mr. Mares intend to

25  plead?

—— 2:20-cr-00018-JCM-EJY ——

1          MR. GILL:  He intends to plead guilty, your Honor, to

2    one count of conspiracy to distribute a controlled substance in

3    violation of 21 USC Section 846 and 841(a)(1) and

4    (b)(1)(A)(viii).

5          THE COURT:  Is that correct, sir?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Before accepting your guilty plea, there

8    are a number of questions I'm going to have to ask you in order

9    to assure myself that you're entering a valid plea.

10         If you do not understand any of my questions, will you

11   let me know so I can rephrase the question?

12         THE DEFENDANT:  I will.

13         THE COURT:  And then at any time if you want to take a

14   break in the proceedings so you can discuss matters in private

15   with your attorney, will you let me know so I can give you that

16   opportunity?

17         THE DEFENDANT:  I will.

18         THE COURT:  Thank you.

19         How old are you, sir?

20         THE DEFENDANT:  I am 40.

21         THE COURT:  How far did you go in school?

22         THE DEFENDANT:  I graduated.

23         THE COURT:  High school?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Have you taken any drugs, medicine, pills

2:20-cr-00018-JCM-EJY

1  of any kind, or drunk any alcoholic beverages in the past

2  24 hours?

3         THE DEFENDANT:  No.

4         THE COURT:  Have you ever been treated for any mental

5  illness or addiction to narcotic drugs of any kind?

6         THE DEFENDANT:  No.

7         THE COURT:  And which was it?  The mental illness or

8  narcotic drugs?

9         THE DEFENDANT:  Neither.  Neither.

10        THE COURT:  Oh, I'm sorry.  Have you ever been treated

11  for any mental illness or addiction to narcotic drugs of any

12  kind?  I thought you said yes.  Did I misunderstand?

13        THE DEFENDANT:  No.  Yes, you did misunderstand.  I've

14  never been treated for that.

15        MR. GILL:  Just so the record's clear:  He's never

16  been treated for mental illness or substance abuse or addiction

17  of any kind.

18        THE COURT:  Is that correct?

19        THE DEFENDANT:  Yes.

20        THE COURT:  All right.  Thank you, Mr. Gill.

21        Now, do you understand what's happening today,

22  Mr. Mares?

23        THE DEFENDANT:  I do.

24        THE COURT:  Tell me in your own words what's happening

25  today.  Why are we here?

─────────── 2:20-cr-00018-JCM-EJY ───────────

1          THE DEFENDANT:  I'm here because I was arrested for

2   trying to distribute a controlled substance.

3          THE COURT:  And you're going to change your plea from

4   not guilty to guilty; is that correct?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Does either counsel have any doubt as to

7   the defendant's competence to plead in this matter?

8          MR. COWHIG:  No, your Honor.

9          MR. GILL:  No, your Honor.

10          THE COURT:  Thank you.

11          Based on counsels' representations and the Court's own

12   observation of the defendant, I find that he is competent to

13   plead in this matter.

14          Now, Mr. Mares, have you had ample opportunity to

15   discuss your case with Mr. Gill?

16          THE DEFENDANT:  I have.

17          THE COURT:  Are you satisfied to have him as your

18   attorney?

19          THE DEFENDANT:  I am.

20          THE COURT:  Do you understand that under the

21   Constitution and laws of the United States, you are entitled to

22   have an attorney represent you at every stage of the

23   proceedings in this case?

24          THE DEFENDANT:  I do understand that.

25          THE COURT:  Do you understand that under the

1  Constitution and laws of the United States, you are entitled to

2  a trial by jury on the charges contained in the indictment?

3          THE DEFENDANT:  I understand.

4          THE COURT:  And do you understand that in order to

5  convict you, all of the jurors would have to agree that you

6  were guilty?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Do you understand that at a trial, you

9  would be presumed to be innocent and the Government would have

10 to overcome that presumption and prove you guilty beyond a

11 reasonable doubt by competent evidence and you would not have

12 to prove that you were innocent?

13         THE DEFENDANT:  I do understand that.

14         THE COURT:  And do you understand that in the course

15 of a trial, the witnesses upon whom the Government is relying

16 would have to come to court and testify in your presence and

17 your attorney could cross-examine those witnesses and could

18 object to any evidence offered by the Government?

19         THE DEFENDANT:  I do.

20         THE COURT:  Do you understand that at a trial, your

21 attorneys would have the right to call witnesses and to present

22 evidence on your behalf?

23         THE DEFENDANT:  I do.

24         THE COURT:  And you also understand that at a trial,

25 while you would have a right to testify if you chose to do so,

—2:20-cr-00018-JCM-EJY—

1  you would have also have the right not to testify?

2          THE DEFENDANT:  I do.

3          THE COURT:  If I accept your guilty plea, do you

4  understand that you will be waiving or giving up your right to

5  a jury trial and all the other rights I've just discussed?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you understand there will be no further

8  trial but I'll simply enter a judgment of guilty and sentence

9  you based on your guilty plea?

10          THE DEFENDANT:  I do.

11          THE COURT:  In pleading guilty, do you understand you

12  will also have to waive your right not to testify against

13  yourself because I'm going to have to ask you questions about

14  what you did in order to satisfy myself that you're guilty as

15  charged?

16          THE DEFENDANT:  I do understand that.

17          THE COURT:  And do you understand in order for me to

18  accept your guilty plea today, you will have to admit that you

19  committed the crime charged in Count 1 of the indictment?

20          THE DEFENDANT:  I do.

21          THE COURT:  Are you willing to give up your right not

22  to testify against yourself in order for me to accept your

23  guilty plea?

24          THE DEFENDANT:  I do.

25          THE COURT:  Have you read a copy of the indictment

—— 2:20-cr-00018-JCM-EJY ——

1  against you?

2          THE DEFENDANT:  I did, yes.

3          THE COURT:  Yes?

4          Have you discussed with your attorney the charge in

5  the indictment to which you intend to plead guilty?

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.  Mr. Gill, does pleading guilty

8  affect this defendant's immigration status?

9          MR. GILL:  No, your Honor.

10         THE COURT:  Is that correct, sir?  You're an American

11 citizen?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Thank you.

14         Now, you were charged in Count 1 with a violation of

15 Title 21 United States Code Section 846 and 841(a)(1) and

16 (b)(1)(A)(viii) -- I guess that's it, 841(a)(1) and

17 (b)(1)(A)(viii) -- all of which make conspiracy to distribute a

18 controlled substance, methamphetamine, a crime.

19         The elements of this offense are first, beginning from

20 a time unknown and continuing to on or about October 30, 2019,

21 there was an agreement between two or more persons to

22 distribute methamphetamine.  Second, the defendant knew the

23 agreement had an unlawful object or purpose.  Third, the

24 defendant joined in the agreement with the intent to further

25 its unlawful object or purpose.  And fourth, the amount of the

2:20-cr-00018-JCM-EJY

1 controlled substance was 500 grams or more of a mixture and

2 substance containing a detectible amount of methamphetamine.

3       Do you understand that all of that is what the

4 Government would have to prove in order for you to be convicted

5 of the crime charged in Count 1 of the indictment?

6       THE DEFENDANT:  I do.

7       THE COURT:  Do you know the maximum sentence and fine

8 I might impose on the charge of the indictment to which you are

9 seeking to plead guilty?

10       THE DEFENDANT:  I don't know the full amount --

11       THE COURT:  Let me handle it this way.

12       Mr. Mares, are you aware of the maximum possible

13 penalty for conviction under Count 1 would be a fine of

14 $10 million or a term of imprisonment of life or both a fine

15 and imprisonment?

16       THE DEFENDANT:  I do.

17       THE COURT:  And are you aware, unless the Court

18 determines that you satisfy the safety valve criteria, the

19 statutory minimum sentence for conviction under Count 1 is a

20 term of imprisonment of ten years?

21       Do you understand that?

22       THE DEFENDANT:  I do.

23       THE COURT:  Do you also understand that a special

24 assessment fee of $100 per count will be imposed at the time of

25 sentencing?

2:20-cr-00018-JCM-EJY

1          THE DEFENDANT:  I do.

2          THE COURT:  Do you also understand that in every

3   criminal case in which a defendant may be sentenced to more

4   than one year in prison, as in this case, that in addition to

5   any maximum possible penalty, the Court may also order a term

6   of supervised release to follow that imprisonment?

7          THE DEFENDANT:  I do understand that part.

8          THE COURT:  And do you understand supervised release

9   could be imposed here for a term of five years?

10          THE DEFENDANT:  I do.

11          THE COURT:  Do you understand that while on supervised

12   release, you would be required to abide by conditions specified

13   by the Court and that supervised release could be revoked if

14   you violated any of those conditions?

15          THE DEFENDANT:  I do.

16          THE COURT:  Do you understand if supervised release is

17   revoked for any reason, you may be imprisoned for the full term

18   of supervised release without credit for time spent on

19   post-release supervision?

20          THE DEFENDANT:  I do.

21          THE COURT:  And do you also understand the combined

22   time spent in prison under a sentence of imprisonment added to

23   the time spent in prison if supervised release is revoked could

24   exceed the term of your original sentence?

25          THE DEFENDANT:  I do.

1          THE COURT:  Do you also understand the Court may order

2   you to make restitution to any victim of the offense to which

3   you are pleading guilty?

4          THE DEFENDANT:  I do.

5          THE COURT:  Do you understand the offense to which you

6   are pleading guilty is a felony offense?

7          THE DEFENDANT:  I do.

8          THE COURT:  If your plea is accepted, you will be

9   adjudicated guilty of a felony and that may deprive you of

10  valuable civil rights such as the right to vote, the right to

11  serve on a jury, or the right to possess any kind of a firearm.

12          Do you understand that?

13          THE DEFENDANT:  I do.

14          THE COURT:  Has anyone threatened you or forced you to

15  plead guilty?

16          THE DEFENDANT:  No.

17          THE COURT:  Has anyone told you if you do not plead

18  guilty, further charges will be brought against you?

19          THE DEFENDANT:  No.

20          THE COURT:  Has anyone told you if you do not plead

21  guilty, some other adverse action will be taken against you?

22          THE DEFENDANT:  No.

23          THE COURT:  Are you pleading guilty because of any

24  coercion from or fear of codefendants?

25          THE DEFENDANT:  No.

───────── 2:20-cr-00018-JCM-EJY ─────────

1        THE COURT:  Is your willingness to plead guilty a

2   result of prior discussions and negotiations between your

3   attorney and the attorney for the Government?

4        THE DEFENDANT:  Yes.

5        THE COURT:  Do you understand that plea agreements are

6   permissible and that you and all the attorneys have a duty to

7   disclose to the Court the existence of a plea agreement and the

8   terms of that agreement?

9        THE DEFENDANT:  Yes.

10        THE COURT:  Has your attorney entered into a written

11   plea agreement on your behalf with the Government?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Mr. Mares, did you sign the plea

14   agreement?

15        THE DEFENDANT:  I did.

16        THE COURT:  Before you signed it, did you read it?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Did you understand all of the terms of the

19   plea agreement?

20        THE DEFENDANT:  I did.

21        THE COURT:  And did you discuss it with Mr. Gill?

22        THE DEFENDANT:  Yes.

23        THE COURT:  Has he answered all your questions?

24        THE DEFENDANT:  Yes.

25        THE COURT:  Mr. Cowhig, what's the substance of the

1  plea agreement?

2         MR. COWHIG:  In brief, your Honor, the agreement is

3  between the defendant, Mr. Mares, and the United States

4  Attorney's Office.  It does not bind other parties particularly

5  including the Court or the probation office.

6         It includes defendant's obligations under the

7  agreement which would be for Mr. Mares to plead guilty to

8  Count 1 of the indictment in the case which your Honor has

9  already covered here today.

10         The United States Attorney's Office obligations

11  include a commitment at sentencing to dismiss the remaining

12  counts in the indictment against Mr. Mares.

13         It includes the elements of the offense, which your

14  Honor has reviewed, and the maximum and minimum statutory

15  penalties that might apply and the existence of the safety

16  valve requirements.

17         It sets forth the factual basis at the bottom of

18  page 5 and the top of page 6.

19         It includes a defendant -- a discussion of sentencing

20  factors that might apply and stipulated offense level

21  calculations which are an applicable base offense level under

22  guideline 2D1.1(c)(2) of 36, the offense characteristics of

23  guideline 2D1.1(b)(18), a reduction of two levels related to

24  the safety valve for an anticipated adjusted offense level of

25  34.

1          The United States Attorney's Office and Mr. Mares

2    formed an agreement with respect to some safety valve

3    requirements which are that both parties agree that the

4    defendant did not use violence or credible threats of violence

5    or possess a firearm or other dangerous weapon in connection

6    with the offenses charged, the offenses charged in Counts 1

7    through 3 of the indictment did not result in death or serious

8    bodily injury to any person, and that the defendant was not an

9    organizer, leader, manager, or supervisor of others.

10          However, the defendant and the United States

11   Attorney's Office have not made an agreement as to whether

12   Mr. Mares qualifies for safety valve relief from the statutory

13   minimum sentence.  And Mr. Mares agrees that if the District

14   Court determines he does not qualify, that determination would

15   not serve as grounds to withdraw his plea.

16          The U.S. Attorney's Office has also committed to

17   recommend that the Court reduce the guidelines for acceptance

18   of responsibility for two levels under 3A1.1(a) and a further

19   level under 3A -- 3E1.1(b) because Mr. Mares communicated his

20   intent to plead guilty in a timely manner.

21          The positions regarding sentencing of the parties set

22   out in the agreement are that the United States Attorney's

23   Office will recommend the District Court sentence within the

24   guidelines and the defendant may argue for a downward variance

25   pursuant 18 United States Code 3553.

1          It includes a waiver of the Constitutional rights,

2     which your Honor has reviewed here in court.  And it also

3     includes waivers of appellate rights where --

4          THE COURT:  I'll go through those, as well.

5          MR. COWHIG:  Yes, your Honor.

6          Mr. Mares reserves only non-waivable claims of

7     ineffective assistance of counsel or a sentence above the

8     guidelines determined by the Court.

9          It sets forth an agreement regarding how a withdraw of

10    the guilty plea or vacatur, reversal, or set-aside of the

11    conviction would be handled, what would be a considered a

12    breach of the plea agreement.

13         It, again, emphasizes that the Court and the probation

14    officer are not parties to this agreement and includes

15    additional amendments that this is the sole agreement between

16    the parties with regard to the guilty plea.  And it

17    incorporates the plea agreement into the plea hearing itself.

18         It is signed by Allison Reese, Mr. Mares, and

19    Mr. Mares's counsel, Adam Gill.

20         THE COURT:  All right.  Mr. Gill, do you agree the

21    substance of the plea agreement has been correctly stated?

22         MR. GILL:  Yes, your Honor.

23         THE COURT:  And Mr. Mares, is that your understanding

24    of the terms to which you agreed in order to resolve the

25    criminal charges against you?

1          THE DEFENDANT:  I do.

2          THE COURT:  Has anyone made any promise to you other

3   than those set forth in the plea agreement that induced you to

4   plead guilty?

5          THE DEFENDANT:  No.

6          THE COURT:  Do you understand that any recommendation

7   of sentence agreed to by your attorney and the attorneys for

8   the Government is not binding on the Court and that you might,

9   on the basis of your guilty plea, receive a more severe

10  sentence than that requested or recommended?

11         THE DEFENDANT:  I do.

12         THE COURT:  You understand if that were to happen, you

13  would not have the right the withdraw your guilty plea?

14         THE DEFENDANT:  I do.

15         THE COURT:  Other than those set forth in the plea

16  agreement, has anyone made any prediction or promise to you as

17  to what your sentence will be?

18         THE DEFENDANT:  No.

19         THE COURT:  Under the Sentencing Reform Act of 1984,

20  the United States Sentencing Commission has issued advisory

21  guidelines for judges to follow in determining the appropriate

22  sentence in criminal cases.

23         Have you and Mr. Gill talked about how those

24  Sentencing Commission guidelines might apply to the facts of

25  your case?

2:20-cr-00018-JCM-EJY

1           THE DEFENDANT:  I have -- we have.

2           THE COURT:  And has he answered all your questions?

3           THE DEFENDANT:  He has.

4           THE COURT:  Do you understand the Court will not be

5    able to determine the appropriate guideline sentence for your

6    case until after the presentence report has been completed?

7           THE DEFENDANT:  I do.

8           THE COURT:  Do you understand after it has been

9    determined what guideline applies to your case, I have the

10   discretion to impose what I consider to be a reasonable

11   sentence but it may be a sentence that is in excess of the

12   sentence called for by the guidelines?

13          THE DEFENDANT:  I do.

14          THE COURT:  You understand if that were to happen, you

15   would not have the right to withdraw your guilty plea?

16          THE DEFENDANT:  I do.

17          THE COURT:  Do you also understand that under some

18   circumstances, to the extent you have not waived the right, you

19   or the Government may have the right to appeal any sentence

20   that I impose?

21          THE DEFENDANT:  I do.

22          THE COURT:  If I understand your plea agreement

23   correctly as paragraph Roman numeral IX, subparagraph 23 at

24   page 10, you've waived the right to appeal any sentence imposed

25   within or below the sentencing guideline range as determined by

———— 2:20-cr-00018-JCM-EJY ————

1   the Court, you've waived the right to appeal the manner in

2   which the Court determined that sentence on the grounds set

3   forth in 18 USC Section 3742, and you've waived the right to

4   appeal any other aspect of the conviction, sentence, and any

5   order of restitution or forfeiture.

6          You've also knowingly and expressly waived all

7   collateral challenges including any claims under 28 USC

8   Section 2255 to your conviction, sentence, and the procedure

9   the Court followed in adjudicating guilt and imposing sentence

10  except for non-waivable claims of ineffective assistance of

11  counsel.

12         Is that correct?

13         THE DEFENDANT:  Yes.

14         THE COURT:  And did you do that freely and

15  voluntarily?

16         THE DEFENDANT:  I did.

17         THE COURT:  You also understand that parole has been

18  abolished and that if you are sentenced to prison, you will not

19  be released on parole?

20         THE DEFENDANT:  I do.

21         THE COURT:  You also understand that any relevant

22  conduct of yours, whether charged in the indictment or not,

23  might still be considered in the presentence report and might

24  increase the sentence to be imposed by the Court?

25         THE DEFENDANT:  I do.

1          THE COURT:  You understand if that were to happen, you

2     would not have the right to withdraw your guilty plea?

3          THE DEFENDANT:  I do.

4          THE COURT:  Mr. Gill, in your plea packet there's a

5     written summary of the Government's evidence against this

6     defendant to support his guilty plea.

7          Do you agree with that summary?

8          MR. GILL:  Yes, your Honor.

9          THE COURT:  And Mr. Mares, do you agree with the

10    summary about what you did?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Do you have any questions about the

13    summary?

14         THE DEFENDANT:  No.

15         THE COURT:  How do you plead then to Count 1 of the

16    indictment, guilty or not guilty?

17         THE DEFENDANT:  I plead guilty.

18         THE COURT:  Are you pleading guilty because in truth

19    and fact you are guilty and for no other reason?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Tell me in your own words what you did

22    that has convinced you to plead guilty.

23         THE DEFENDANT:  I knew what was going on as far as the

24    distribution of the methamphetamine, I didn't stop it, and I

25    agreed to help.

——— 2:20-cr-00018-JCM-EJY ———

1          THE COURT:  Is it true that from beginning from a time
2   unknown and continuing to on or about October 30, 2019, you and
3   others known and unknown to the United States Attorney's Office
4   conspired to distribute a mixture and substance containing a
5   detectible amount of methamphetamine in Las Vegas, Nevada?
6          Is that true?
7          THE DEFENDANT:  Yes.
8          THE COURT:  And is it also true that on October 23,
9   2019 and October 29, 2019, you sold 500 grams or more of a
10  mixture and substance containing a detectible amount of
11  methamphetamine to a DEA confidential source?
12         Is that true?
13         THE DEFENDANT:  Yes, your Honor.
14         THE COURT:  And the mixture and substance were later
15  sent to the DEA lab for analysis and found to contain
16  2,122 grams of actual methamphetamine.
17         Is that true?
18         THE DEFENDANT:  Yes, your Honor.
19         THE COURT:  And you agree and stipulate that
20  2,122 grams of actual methamphetamine are reasonably
21  foreseeable to you.
22         Is that true?
23         THE DEFENDANT:  Yes.
24         THE COURT:  And all of this occurred in the State and
25  Federal District of Nevada.

———— 2:20-cr-00018-JCM-EJY ————

1          Is that true?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  All right.  Is that sufficient for the

4    Government then, Mr. Cowhig?

5          MR. COWHIG:  Yes, your Honor.  Thank you.

6          THE COURT:  Now -- all right.  Mr. Mares, since you

7    acknowledge that you are, in fact, guilty as charged in Count 1

8    of the indictment, since you know your right to trial, what the

9    maximum possible punishment is, and since you are voluntarily

10   pleading guilty, I will conditionally accept your guilty plea.

11         It is the finding of the Court in the case of the

12   United States versus Francisco Javier Mares that the defendant

13   is fully competent and capable of entering an informed plea and

14   that his plea of guilty is a knowing and voluntary plea

15   supported by an independent basis and fact containing the

16   essential elements of the offense charged.  As I said, his plea

17   is therefore conditionally accepted.

18         Mr. Mares, I'm now going to order a presentence

19   investigation report.  I urge your full and complete

20   cooperation in providing information for the report because

21   obviously the terms of it are important to the Court in

22   determining what your sentence will be.

23         I want you to understand that any time you meet with

24   the probation officer to provide information for the report,

25   you have the right to have your attorney present with you.

———— 2:20-cr-00018-JCM-EJY ————

1   Then prior to the sentencing hearing, you will have the

2   opportunity to read, review, and comment upon the report.

3          Finally, at the sentencing hearing, you may address

4   the Court, you may have Mr. Gill speak on your behalf, or both

5   of you may speak.  It's your option.

6          Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  I want you to understand the presentence

9   report may have some importance to you that continues beyond

10  the sentencing date.

11         If you are sentenced to prison, this report follows

12  you throughout your term of incarceration, and anytime the

13  people at the Federal Bureau of Prisons need to make any

14  decision at all about you, the very first document they always

15  consult is the presentence report so it's important that it be

16  complete and accurate.

17         Do you understand?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  All right.  Nick, give us a sentencing

20  date, please, sir.

21         THE COURTROOM ADMINISTRATOR:  September 8, 2021 at

22  10:30 a.m.

23         THE COURT:  September 8th at 10:30 a.m.

24         All right.  Anything else to come before the Court?

25         MR. COWHIG:  No, your Honor.  Thank you.

```
────────────── 2:20-cr-00018-JCM-EJY ──────────────
```

1          MR. GILL:  No, your Honor.  Thank you very much.

2          THE COURT:  All right.  Thank you very much.  Then

3    we'll be in recess.

4          (The proceedings concluded at 10:26 a.m.)

5                            *  *  *

6

7

8

9

10

11

12

13                         --o0o--

14                 COURT REPORTER'S CERTIFICATE

15

16      I, SAMANTHA N. MCNETT, Official Court Reporter, United

17   States District Court, District of Nevada, Las Vegas, Nevada

18   certify that the foregoing is a correct transcript from the

19   record of proceedings in the above-entitled matter.

20

21   Date:  June 4, 2022

22

23                         /s/ Samantha N. McNett
                           ─────────────────────────
24                         Samantha McNett, RPR, CRR, CCR

25