JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
ALLISON REESE
Nevada Bar Number 13977
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: Allison.Reese@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-cr-00018-JCM-EJY-2 |
| Plaintiff, | **Government's Response to Defendant Francisco Javier Mares' Motion to Extend Self-Surrender Date and/or For Bail Pending Appeal and/or Stay Execution of the Sentence Pending Appeal** |
| vs. | |
| FRANCISCO JAVIER MARES, | |
| Defendant. | |

Certification: This response is timely filed.[1]

### I.   Introduction

Mares pled guilty to and was sentenced to an offense that triggers the mandatory detention provision of 18 U.S.C. § 3143(b)(2). However, in a last-ditch effort to delay service of his sentence, Mares now claims that he should remain on bail because he intends to file an appeal. But Mares fails to demonstrate that he otherwise meets the conditions of release set forth in 18 U.S.C. § 3143(b)(1) or for the release exception under 18 U.S.C. § 3145(c).

---

[1] Pursuant to the Court's Minute Order (ECF No. 99), the government's response is due no later than noon on June 15, 2022.

1

Specifically, the issues that Mares intends to appeal are not substantial questions of law or fact as required by 18 U.S.C. § 3143(b)(1) such that he would be entitled to such an extraordinary request. Similarly, Mares fails to demonstrate that he is likely to succeed on the merits of his claims to warrant a stay of the execution of his sentence. As such, the Court should deny Mares' motion in its entirety and order that he self-surrender on June 24, 2022.

## II.    Background

On June 2, 2021, over a year after being first indicted, Defendant Francisco Javier Mares pleaded guilty to Conspiracy to Distribute a Controlled Substance (Methamphetamine) in violation of Title 21, United States Code, Section 846, 841(a)(1) and (b)(1)(A)(viii). *See* ECF No. 40. Sentencing was initially set for September 8, 2021. *Id.* The parties subsequently entered into four stipulations to continue the sentencing hearing, which was ultimately set for and proceeded on March 23, 2022. *See* ECF Nos. 49, 53, 59, 66 and 68.

On January 25, 2022, Mares submitted a sentencing memorandum that included a "mitigation" video. ECF No. 63. In the video, Mares and others stated that Mares only committed the instant offense because of an alleged threat made by the Confidential Source (CS) to Mares' sister. Specifically, Mares' sister Becky stated that she told Mares that the CS had allegedly threatened her husband, Renato Consuegra-Clemente (the co-Defendant in this case), to sell drugs and that if he (Consuegra) did not do so, the CS would harm Becky and Consuegra's children. Mares then stated in the video that he only agreed to commit the instant offenses because of the alleged threats made by the CS against Mares' sister and children and that he would do anything to help his family.

Based on these statements, the government filed a motion requesting that the Court hold a status conference because the government believed that Mares' comments negated the factual basis for the plea in violation of the plea agreement. *See* ECF No. 70. The government

requested that the Court question Mares about his statements, and if the Court found that Mares did not act of his own free will, to vacate the plea and set the matter for trial. *Id.* Mares opposed the government's motion asserting that Mares' statements were, in his opinion, made only to explain to the Court why he committed the offense and did not negate his intent. *See* ECF No. 71. Prior to sentencing, the government also filed its responsive sentencing memorandum, wherein the government referenced its pending motion for a status conference and asserted that if Mares proceeded to put forth the unsubstantiated facts that repudiated his previous admissions in the plea agreement and at the change of plea, the government would not move for the application of the three-level downward adjustment under USSG § 3E1.1(a) and (b) because Mares' statements violated paragraph 15 of the plea agreement.[2] *See* ECF No. 76.

The Court addressed the government's motion at the beginning of the sentencing hearing. After hearing brief argument, the Court denied the government's motion. ECF No. 97, pgs. 4-7. The Court then proceeded to sentence Mares wherein the Court accurately calculated the sentencing guidelines applicable to Mares' case and applied the three-level downward adjustment for acceptance of responsibility. *Id.* at pg. 9. Pursuant to the plea agreement, the government then asked the Court to sentence Mares to 108 months, which was the low end of the sentencing guidelines determined by the Court—which also included the three-level reduction for acceptance of responsibility. *Id.* at pg. 10. Following argument by Mares and his counsel, who requested three years of home confinement, and after considering all of the factors under Title 18, United States Code, Section 3553, the Court varied downward and

---

[2] Specifically, the government believed that these statements violated paragraph 15(e) of the plea agreement, which states that "Under USSG §3E1.1(a), the USAO will recommend that defendant receive a two-level adjustment for acceptance of responsibility unless defendant … (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense…".

3

1  sentenced Mares to 96 months imprisonment with five years of supervised release to follow. *Id.*
2  at pgs. 16-17. The Court set the self-surrender date for noon on June 24, 2022. *Id.*

3  Mares filed a notice of appeal on April 12, 2022. ECF No. 80. On June 2, 2022, Mares
4  filed this motion styled, "Motion to Extend Self-Surrender Date and/or for Bail Pending
5  Appeal and/or Stay Execution of the Sentence Pending Appeal." ECF No. 92. The
6  government now responds in opposition.

### III. Argument

#### A. Legal Standard

While a defendant is presumptively entitled to release before trial, Congress—through Section 3143(b)—presumes detention after an adjudication of guilt. 18 U.S.C. § 3143(b); *United States v. Colon Berrios*, 791 F.2d 211, 215 (1st Cir. 1986) ("Congress intended § 3143(b) to result in a presumption against release of convicted defendants pending appeal."). Quoting the statute's legislative history (viz., S. Rep. No. 225, 98th Cong., 1st Sess. 26 (1983)), the Second Circuit has explained that, "'[o]nce guilt . . . has been established . . . , there is no reason to favor release pending imposition of sentence or appeal.' . . . [T]he government [has a] strong and obvious . . . interest in detaining defendants who have been found guilty beyond a reasonable doubt of serious crimes: such detention promotes public safety by removing a presumptively dangerous person from the community; it also encourages general respect for the law by signaling that a guilty person will not be able to avoid or delay imposition and service of the sentence prescribed by law." *United States v. Abuhamra*, 389 F.3d 309, 319-320 (2d Cir. 2004).

Under the Mandatory Detention Act, Congress has declared that all individuals convicted of, *inter alia*, a qualifying controlled substance offense and sentenced to a term of imprisonment must be detained pending appeal. 18 U.S.C. § 3143(b)(2). This is the case

4

without regard to any risk of flight or danger to the community they may pose and despite the fact that they may raise substantial issues on appeal. *Id.* A court could, however, release such an individual if he has met all of the criteria contained in 18 U.S.C. § 3143(b)(1) *and* clearly shows "exceptional reasons" why detention is not appropriate. 18 U.S.C. § 3145(c). Whether "exceptional reasons" exist must be determined case-by-case because "exceptional" means more than ordinary. *United States v. Koon*, 6 F.3d 561, 562 (9th Cir. 1993). The Ninth Circuit has said that "exceptional circumstances" include "(1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal." *United States v. Bell,* 820 F.2d 980, 981 (9th Cir.1987).

### B. The Mandatory Detention Act Requires Mares Be Detained Pending Appeal.

Title 18, United States Code, Section 3143(b)(2) reads:

> The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

(Emphasis added).

Subparagraph (C) of 18 U.S.C. § 3142(f)(1) encompasses any offenses for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act (21 U.S.C. § 801 et seq.). Mares pleaded guilty to Conspiracy to Distribute a Controlled Substance pursuant to 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). This offense falls squarely in the scope of 18 U.S.C. § 3142(f)(1)(C). And because the Court

sentenced Mares to a 96-month term of imprisonment,[3] he is subject to mandatory detention pending any appeal pursuant to Section 3143(b)(2).

### C. Mares Has Not Met his Burden Under Section 3145(c).

In order for Mares to get around the Mandatory Detention Act, he must show that he qualifies for release under 18 U.S.C. § 3145(c). He cannot meet that burden. As noted above, to be released under 18 U.S.C. 3145(c), Mares must demonstrate that he meets all of the conditions under 18 U.S.C. 3143(b)(1) *and* some additional "exceptional reason" warranting release. Mares' motion sets forth several arguments that he asserts rise to the level of substantial questions of law or fact such that he should remain on bail pending his appeal. The record, however, disposes of each of his claims and clearly demonstrates that Mares' motion should be denied.[4]

> 1. *Mares' alleged reliance on trial counsel's advice is not a substantial question of law or fact.*

Mares argues that his intended claim under 28 U.S.C. § 2255 that he "detrimentally relied" on his trial counsel's belief that if Mares plead guilty, he would receive probation is a substantial question of law or fact. This claim is completely barred by Mares' own admissions at the change of plea hearing. Specifically, at his change of plea, the Court canvassed Mares as follows:

> THE COURT: Has anyone made any promise to you other than those set forth in the plea agreement that induced you to plead guilty.

---

[3] To date, Mares has served only one day in custody. He was arrested and subsequently released on a personal recognizance bond on February 19, 2020. *See* ECF Nos. 14 and 21.

[4] Mares filed a supplement to his motion clarifying that "the main issue on direct appeal in this case will be ineffective assistance of counsel in trial counsel not objecting to the prosecutor's breach of the plea agreement in submitting a motion for Mr. Mares's plea to be withdrawn and for withdrawing the recommendation for minus three points for acceptance of responsibility in its motion for status conference…". ECF No. 98. It appears that Mares realized that his other claims are meritless and otherwise barred by his appellate waivers. The government is nevertheless going to respond to all of his arguments.

6

1  THE DEFENDANT: No.

2  THE COURT: Do you understand that any recommendation of
3  sentence agreed to by your attorney and the attorneys for the
   Government is not binding on the Court and that you might, on the
   basis of your guilty plea, receive a more severe sentence than that
4  requested or recommended?

5  THE DEFENDANT: I do.

6  THE COURT: You understand if that were to happen, you would not
   have the right to withdraw your guilty plea?

7  THE DEFENDANT: I do.

8  THE COURT: Other than those set forth in the plea agreement, has
9  anyone made any prediction or promise to you as to what your sentence
   will be?

10 THE DEFENDANT: No.

11 ECF No. 95, pg. 19. There can be no question based on this record that Mares would be
12 unsuccessful on appeal should he assert this ineffective assistance claim against his trial
13 counsel.

   2. *Mares reviewed the Presentence Investigation Report, and any contrary claim is not a*
15    *substantial question of law or fact.*

16 Mares next argues that he was never provided with the Presentence Investigation Report
17 (PSR) and was unable to review it with trial counsel to make objections. This is not a
18 substantial question of law or fact because it is clearly belied by the record. During the
19 sentencing hearing, the Court had the following discussion with Mares:

20 THE COURT: Mr. Mares, did you read the presentence report?

21 THE DEFENDANT: Yes, I did.

22 THE COURT: Did you find any errors or discrepancies in the report?

23 THE DEFENDANT: No, I didn't.

24

7

ECF No. 97, pg. 9. Once again, the record is clear that Mares received and reviewed the PSR. Any appellate claim to the contrary is meritless and frivolous.

>  3. *The government did not breach the plea agreement and trial counsel was not ineffective by not claiming that the government had breached.*

Mares last argues that the government breached the plea agreement, and that counsel was ineffective for failing to claim that the government was in breach. This argument fails on several fronts and is not a substantial question of law or fact sufficient to warrant bail pending appeal.

The first part of Mares' argument—that the government breached the plea agreement—centers around the government's motion for a status conference. Mares appears to assert that the mere filing of that motion constituted a breach of the plea agreement. But there is no provision in the plea agreement that prohibits the government from making a good faith claim of breach, which is what the government did; nor has Mares cited to any caselaw to support his position. Indeed, the government has a continuing duty to ensure that there is a factual basis in order for the Court to enter the final judgment on a guilty plea pursuant to Federal Rule of Criminal Procedure 11(b)(3). Mares' statements in his mitigation video that "but for" the purported threats, he would not have engaged in the offense clearly negate his intent and are simply not supported by the facts of this case. Thus, the government believed Mares was in violation of paragraph 15(e) of the plea agreement and by filing the motion for a status conference and not simply for a repudiation of the plea agreement, the government was seeking to ensure that the plea was properly supported. Importantly, Mares' trial counsel objected to the government's motion and put forth his position regarding what Mares' statements meant and opposed the withdrawal of the plea. *See* ECF No. 71. It cannot be said therefore, that Mares' trial counsel was ineffective for failing to object to the government's motion—because he did.

Regardless, the Court ultimately denied the government's motion, accepted Mares' plea, and proceeded to sentencing.

The second part of Mares' claim related to breach is that the government improperly withdrew its recommendation for the three-point reduction for acceptance of responsibility and counsel failed to object. As discussed, the government believed that Mares was in violation of paragraph 15(e) of the plea agreement, which provides that "Under USSG §3E1.1(a), the USAO will recommend that defendant receive a two-level adjustment for acceptance of responsibility *unless* defendant … (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denied or frivolously contests conduct relevant to the offense…". (Emphasis added). The government was acting within the confines of the plea agreement when it advised the Court that it would not move for Mares to receive the three-level downward adjustment under USSG § 3E1.1(a) and (b) if Mares continued to put forth the unsubstantiated allegations relating to threats allegedly made by the CS. Regardless, any claim Mares could make on appeal relating to the three-level reduction is moot because after the Court denied the government's motion, it still provided him with the three-level reduction for acceptance of responsibility in calculating his adjusted offense level, without any objection from either side. *See* ECF No. 97, pg. 9. And the government then recommended a low-end sentence of the Guidelines as calculated by the Court (including the three-level reduction). *Id.* at pg. 10. Following argument, the Court then proceeded to give Mares a below Guidelines sentence and specifically told Mares the following: "I'm deliberately not penalizing you for - - for your position seeing that your family members were threatened or whatever. I'm putting all of that aside. Do you understand? I'm just focusing on your conduct." *Id.* at pg. 16.

Simply put, Mares got the benefit of the plea agreement and is on record for the position that he did not wish to have the plea agreement set aside (a potential remedy for breach). The

government did not breach the plea agreement and Mares' trial counsel was not ineffective for not claiming that there was. Therefore, Mares' contention that this is a substantial question of law or fact for appeal is without merit and his motion should be denied.

    4. *Mares cannot show "exceptional reasons" why his detention would be inappropriate.*

Even if this Court finds that Mares has met his burden under 18 U.S.C. 3413(b)(1), because he has been convicted under a qualifying statute under the Mandatory Detention Act, his final burden requires him to provide this Court with additional "exceptional reasons" why his detention would not be appropriate. *See* 18 U.S.C. § 3145(c). He has failed to do so. The only reasons Mares has set forth are that he cares for his sick mother and his 13-year-old son. Collateral consequences of incarceration such as these are rather commonplace and present in a large number of cases brought before the Court and, therefore, do not rise to the level of "exceptional reasons" required by Section 3145(c). As such, Mares' motion should be denied.

### D. A Stay of the Execution of the Sentence is Unwarranted.

Mares' alternative claim for a stay of the execution of his sentence is simply a rephrasing of his original argument for bail pending his appeal under 18 U.S.C. § 3143(b). As discussed in detail above, Mares failed to set forth a substantial question of law or fact upon which he can make a "strong showing that he is likely to succeed on the merits." Accordingly, the Court should deny his motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### IV. Conclusion

Based on the foregoing, the Court should deny Mares' motion in its entirety.

DATED: June 15, 2022

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

/s/ Allison Reese
_____
ALLISON REESE
Assistant United States Attorney