NICOLE G. SAPERSTEIN
Nevada Bar No. 15812
The Law Office of Nicole G. Saperstein
375 Harbour Cove Dr #103
Sparks, NV 89434
(775) 247-0930/Tel.
sapersteinn@gmail.com

Attorney for FRANCISCO JAVIER MARES

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER MARES,<br><br>Defendant. | Case No. 2:20-CR-00018-JCM-EJY-2<br><br>**REPLY TO MOTION TO EXTEND SELF-SURRENDER DATE/BAIL PENDING APPEAL/STAY EXECUTION OF SENTENCE** |

## I.  The Breach and Mandatory Reversal

Mr. Mares's case clearly involves "exceptional circumstances" including raising a substantial claim upon which he has a high probability of success.  Rather, "automatic reversal is warranted when objection to the Government's breach of a plea agreement has been preserved." *Puckett v. United States*, 556 U.S. 129, 141 (2009).  Furthermore, "case law requires" that any further proceedings occur before a different judge, even if we have no doubt that the first district judge treated the defendant fairly and impartially.  *United States v. Alcala-Sanchez*, 666 F.3d 571, 577 n.2 (9th Cir. 2012) (quoting *United States v. Johnson*, 187

F.3d 1129, 1136 n.7 (9th Cir. 1999)); *accord Whitney*, 673 F.3d at 968 n.1. Once the district judge has seen or heard the offending words that denied the defendant the benefit of his bargain, any further proceedings before him would necessarily be tainted by the government's breach. *United States v. Morales Heredia*, 768 F.3d 1220, 1236 (9th Cir. 2014). The only way to undo the damage is to reassign the case. *Id.*

Once the prosecution has forcefully argued for a sentence other than the stipulated one and has denied the defendant a united front, here by retracting its recommendation for three points of acceptance of responsibility and making negative comments about Mr. Mares, "one really cannot calculate how the government's error and breach may have affected the perceptions of the sentencing judge." *Alcala-Sanchez*, 666 F.3d at 577. That the district court claimed not to have been influenced by the government's sentencing memorandum is simply "irrelevant." *Morales Heredia*, 768 F.3d at 1235 (quoting *Camarillo-Tello*, 236 F.3d at 1028; *accord Santobello*, 404 U.S. at 262; *Gunn v. Ignacio*, 263 F.3d 965, 969-70 (9th Cir. 2001).

In this case, trial counsel objected to the government's motion as conceded by the government. See Dckt. 100 at 8:20-24. However, trial counsel failed to request specific performance of the plea agreement and transfer to a new judge for sentencing following the government's breach, which was the only suitable remedy under the law. *Morales Heredia*, 768 F.3d at 1236. This failure fell under the *Strickland* standard for effective assistance of counsel. In addition, government's concession that "Mares' trial counsel objected to the

government's motion" may be enough to preserve the issue for appeal on the breach alone. *See* Dckt. 100 at 8:20-24.

In this case, the prosecution committed what is known as an "implicit breach" of the plea agreement. The government's promise to recommend a particular disposition can be broken either explicitly or implicitly. *Morales Heredia*, 768 F.3d at 1231 (*see United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012). The government is under no obligation to make an agreed-upon recommendation "enthusiastically," however it may not superficially abide by its promise to recommend a particular sentence while also making statements that serve no practical purpose but to advocate for a harsher one. *See Whitney*, 673 F.3d at 971; *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000). That is, the government breaches its bargain with the defendant if it purports to make the promised recommendation while "'winking' at the district court" to impliedly request a different outcome. *United States v. Has No Horses*, 261 F.3d 744, 750 (8th Cir. 2001). An implicit breach of the plea agreement occurs if, for example, the government agrees to recommend a sentence at the low end of the applicable Guidelines range, but then makes inflammatory comments about the defendant's past offenses that do not "provide the district judge with any new information or correct factual inaccuracies." *Whitney*, 673 F.3d at 971 (quoting *Mondragon*, 228 F.3d at 980).

**II.     The High Standard of a Complete Duress Defense and Why This Was Not Complete Duress or New Information to the Government**

The standard for proving duress at trial is extremely high and very few defendants attempt a duress trial defense. However, it is a very common topic discussed by defendants,

particularly in drug cases, and prosecutors, defense attorneys, and judges hear these stories every day in guilty plea cases that proceed smoothly to sentencing. Under 9th Circuit Model Jury Instruction 5.7:

> A defendant acts under [duress] [coercion] [compulsion] only if at the time of the crime charged:
>
> First, there was a present, immediate, or impending threat of death or serious bodily injury to [the defendant] [a family member of the defendant] if the defendant did not [commit] [participate in the commission of] the crime;
>
> Second, the defendant had a well-grounded fear that the threat of death or serious bodily injury would be carried out; [and]
>
> Third, the defendant had no reasonable opportunity to escape the threatened harm[.]

Where most defendants in drug cases fail under this definition is regarding the threat's immediacy and the lack of a reasonable opportunity to escape the harm. For this reason, the U.S. Sentencing Commission created USSG § 5K2.12 Coercion or Duress:

> If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be.

Mr. Mares did not bring up any information in his sentencing materials that was not already known to the government through discovery, the PSR, and during safety valve. Several times in the PSR the threats are clearly mentioned and state that Mr. Mares discussed the threats during his post-arrest statement, meaning they were in discovery. PSR at 8, para. 30. His co-defendant also mentioned the threats post-arrest. PSR at 6, para. 23. None of the statements

rose to the level of meeting the legal definition of duress which would amount to a complete defense. It was disingenuous to represent to the court that these statements were only brought up in sentencing materials because the government was aware of them previously and still proceeded with the guilty plea. To change course at the last minute and retract its three-level recommendation for acceptance of responsibility constituted a reversible breach of the plea agreement which would require remand to a new judge.

### III. Risk of Serious Deterioration of Health and Care for Others

In addition, the covid-19 virus is still prevalent in this country, and Mr. Mares suffers from diabetes which is a well-known co-morbidity for severe illness and death. PSR at 24, para. 90. Once in a federal prison with shared housing, he will be unable to control his exposure to the virus in the same way as living in his own home. His elderly mother has been hospitalized recently and undergoes dialysis treatment, and Mr. Mares prepares meals for her, provides financial support, and provides transportation to medical appointments. PSR 23 at para. 87. In addition, he also provides the sole financial support for his young minor son. PSR 22 at para. 83

### IV. Conclusion

Every day in our federal courts defendants make statements which constitute imperfect duress in sentencing materials. They do not suffer the prejudice of having the prosecutor file a motion for them to withdraw the plea and take away their acceptance of responsibility points. The government seems to be confused about the affirmative defense of duress and the intent requirements for a conspiracy conviction, stating, "Mares' statements in his mitigation video

that "but for" the purported threats, he would not have engaged in the offense clearly negate his intent…" Dckt. 100 at 8:15-17.  **The government's misunderstanding of the law regarding duress led to a clear breach of the plea agreement.**  That they then reversed course and recommended the three points still amounts to a clear implicit breach as outlined by the caselaw above.  The case should have been reassigned to a new judge at that point who was not tainted by the breach.  Mr. Mares stands a very high likelihood of success on appeal for those reasons.  Mr. Mares should be permitted to fight his appeal while lessening his risk of exposure to covid-19 as a diabetic and care for his extremely ill, elderly mother and minor son.

DATED this 17th day of June, 2022.

By: */s/ Nicole G. Saperstein*
_____
NICOLE G. SAPERSTEIN
CJA COUNSEL FOR MR. MARES

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies she is a person of such age and discretion as to be competent to serve papers. That on June 17, 2022, she served an electronic copy of the above and foregoing by electronic service (ECF) to the person named below:

Allison Reece, Assistant United States Attorney, 501 Las Vegas Blvd. South, Suite 1100, Las Vegas, Nevada, 89101

/s/ Nicole G. Saperstein
NICOLE G. SAPERSTEIN