UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-00018 JCM (EJY) |
| Plaintiff-Appellee, | USCA Case No. 22-10090 |
| v. | |
| FRANCISCO JAVIER MARES, | **ORDER** |
| Defendant-Appellant. | |

Presently before the court is defendant Francisco Mares's motion for release pending appeal and/or for a stay of execution of his sentence pending appeal. (ECF No. 92). The government responded (ECF No. 100), to which Mares replied (ECF No. 101).

On March 29, 2022, Mares was sentenced to 96 months' imprisonment after pleading guilty to conspiracy to distribute 500 grams or more of methamphetamine. At sentencing, the court ordered a self-surrender date of June 24, 2022. On June 2, 2022, Mares filed a motion to extend his self-surrender date pending his appeal or to move this court to enter a stay of execution of his sentencing pending his appeal.

The Mandatory Detention Act requires persons convicted of certain crimes to be detained post-sentencing. 18 U.S.C. § 3143(b)(2). The text of the statute is unambiguous:

> "The judicial officer **shall order that a person** who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, **be detained**." *Id.* (emphasis added).

Relevant to this case, subparagraph (C) of subsection (f)(1) of section 3142 describes offenses under the Controlled Substances Act (21 U.S.C. §§ 801, *et seq.*) for which at least a ten-year maximum term of imprisonment is prescribed. Here, Mares faced a maximum term of life imprisonment for conspiracy to distribute methamphetamine. Thus, this provision of the Mandatory Detention Act applies.

. . .

The only escape valve to this statutorily mandated detention is if the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community if released *and* if it is clearly shown that there are "exceptional" reasons why detention would not be appropriate. *See* 18 U.S.C. § 3145(c).

The parties do not dispute whether Mares is likely to flee or pose a danger to the community if released.[1] The parties' contentions center around whether this case involves exceptional circumstances such that detention pending appeal would be improper.[2]

The court is left without guidance from the Ninth Circuit as to what constitutes "exceptional" under 18 U.S.C. § 3145(c). *U.S. v. Koons*, 6 F.3d 561 (9th Cir. 1993). The circuit *has* provided some guidance, however, on what constitutes exceptional circumstances when evaluating a motion for bail pending appeal from the revocation of probation, which the court finds instructive:

> "Examples of exceptional circumstances include: (1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal."

*U.S. v. Bell*, 820 F.2d 980 (9th Cir. 1987).

Mares does not allege any facts indicating serious deterioration of health during incarceration or an unusual delay in the processing of his appeal. Thus, the court centers its focus on the first example.

. . .

. . .

. . .

. . .

. . .

---

[1] Mares submits that he has been under release without incident since the inception of this case; has appeared at every required court proceeding; has no prior felony convictions; has maintained steady employment for the last five years; and is the primary caregiver for his mother and 13-year-old son. (ECF No. 92 at 2). The government does not comment on Mares's danger to the community or likelihood of non-appearance in its response. (*See* ECF No. 100).

[2] Mares filed his notice of appeal on April 12, 2022. (ECF No. 80).

- 2 -

The crux of Mares's argument is that on appeal he will allege ineffective assistance of counsel during his sentencing hearing because his counsel, Adam Gill, did not adequately object to the government's motion to withdraw its recommendation for a three-point reduction for acceptance of responsibility; a move that Mares contends was a breach of the plea agreement.[3]

As background, Mares submitted a mitigation film prior to sentencing in which Mares stated that he only committed the instant offense because of an alleged threat made by a Confidential Source ("CS") to Mares's sister—specifically, that the CS threatened to harm Mares's sister's family if Mares and his brother-in-law (and co-defendant) did not sell drugs.

The government objected to this video because it asserted that this "unsubstantiated"[4] claim undermined the factual basis for Mares's plea. Subsequently, the government moved the court for a status conference to determine if a violation of the plea agreement had occurred and suggested that if so, it would withdraw its recommended three-point reduction for acceptance of responsibility.

After hearing brief argument at sentencing, the court denied the government's motion and proceeded to impose a sentence guided by the advisory range outlined in the PSR, which included the application of the government's three-point reduction. The court ultimately varied downward from the guideline range of 108 to 135 months to impose a sentence of 96 months. The court clarified that it was "deliberately not penalizing [Mares] for [his] position seeing that [his] family members were threatened or whatever." (ECF No. 97 at 16). It put those

---

[3] Mares alleged other issues that he will assert on appeal but in his supplement to the instant motion, he clarified that the "main issue on direct appeal in this case will be ineffective assistance of counsel in trial counsel not objecting to the prosecutor's breach of the plea agreement in submitting a motion for Mr. Mares's plea to be withdrawn and for withdrawing the recommendation for minus three points for acceptance of responsibility in its motion for status conference, denying Mr. Mares of a unified front at sentencing." (ECF No. 98).

[4] The government contends that Mares's admissions in his plea agreement and during his change of plea hearing colloquy bely any purported external influences. (*See* ECF No. 101 at 2–3). Mares avers that he offered the information of the alleged threat to explain his actions, not to negate intent, and that he has been asserting the existence of this threat since the beginning of his case. (ECF No. 71). While the court does not comment on the merits of this *mens rea* debate, since it is unnecessary for this holding, it does note that the PSR describes Mares reporting these threats during his initial interview after he was arrested by DEA agents on February 18, 2020. (*See* Presentence Investigation Report at 8 ¶ 30).

allegations aside and just "focus[ed] on [Mares's] conduct." (*Id.*).

By all accounts, it appears that Mares received the benefit of his plea agreement[5] and even if there was some semblance of ineffective assistance of counsel, it was likely harmless error.

Mares strongly contends that he suffered from the lack of a "united front" before the court and that he therefore deserved a new judge untainted by the prospect of a breach of plea agreement right before sentencing. While these issues are proper on appeal, the court does not find that Mares has raised substantial claims upon which he will have a high probability of success. And while the court does not view the *Bell* list as exhaustive of what can be considered an "exceptional" circumstance, 820 F.2d 980, the court does not find that Mares has clearly shown exceptional reasons as to why he should not be detained pending his appeal.[6]

For the same reasons just explicated, the court also does not find it prudent to stay the execution of Mares's sentence pending the outcome of his appeal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Mares's motion for release pending appeal (ECF No. 92) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Mares's self-surrender date remains unchanged. Mares shall surrender to the Bureau of Prisons at the appointed facility on June 24, 2022, at 12:00 noon.

DATED June 23, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[5] The government promised in the plea agreement that "it will recommend the court sentence the defendant within the advisory guideline range as determined by the court." (ECF No. 41 at 9 ¶ 18). In the end, the court sentenced Mares *below* the advisory guideline range, thus presenting a strong finding of harmless error even if ineffectiveness of counsel existed.

[6] Specifically, his claims of greater risk of contracting Covid-19 in prison due to his diabetes; or that his elderly mother has been hospitalized and that he is one of her primary caregivers and financially supports her; and that he provides the sole financial support for his young minor son, are all unavailing and do not constitute "exceptional" circumstances that overcome the presumption of detention.